UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFREY DAY,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security, in his official capacity,<br><br>  Defendants. | Case No. 1:21-cv-00399-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the Government's unopposed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 5). For the reasons explained below, the Court will grant the motion and dismiss this action.

# BACKGROUND

Plaintiff Jeffrey Day was hired by the Transportation Security Administration in 2002. At that time, Day was prescribed opiate medication to alleviate pain stemming from a back injury he suffered in 1999. According to Day, the TSA was fully aware and unconcerned with his use of prescription opiates while off-duty to manage his pain for more than seventeen years.

In 2018, Day transferred to the Boise Airport (BOI) and was working as a Transportation Security Officer (TSO). In May 2019, Day was randomly selected for a drug screening. Three weeks later, Day was informed that he was deemed temporarily not medically qualified to perform full and unrestricted duties. And in July 2019, Day was notified of the Chief Medical Officer's determination that Plaintiff was not medically qualified to perform his duties and was issued a Notice of Proposed Removal.

In August 2019, Day filed a formal complaint against the TSA with the Equal Employment Opportunity Commission. Day's EEOC complaint was formally denied in May 2020.

In October 2021, Day filed this lawsuit, alleging two violations of the Rehabilitation Act of 1973. Specifically, Day claims that he was subject to disparate treatment because of his disability in violation of 29 U.S.C. § 791, and that the TSA failed to provide reasonable accommodations as required by 29 U.S.C. §794. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction.

## LEGAL STANDARD

A motion to dismiss based on a lack of Article III standing arises under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 651 F.3d 1060, 1067 (9th Cir. 2011). A court's subject matter jurisdiction may be challenged

either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding jurisdictional attack may be facial or factual). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. When an attack is facial, the court confines its inquiry to allegations in the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

When ruling on a facial jurisdictional attack, courts must "accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *De La Cruz v. Tormey*, 582 F.2d 45, 62 (9th Cir. 1978) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). The plaintiff bears the burden of alleging facts that are legally sufficient to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

While leave to amend a complaint is often granted when factual allegations are deficient, it is only where a complaint defectively alleges jurisdiction that a plaintiff may amend. *See Morongo Band of Mission Indians v. Cal. St. Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989) ("If jurisdiction is lacking at the outset, the district court has 'no power to

do anything with the case except dismiss.'") (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844, at 332 (1986)).

## ANALYSIS

1. **Defendant Department of Homeland Security**

As a threshold matter, Defendant Department of Homeland Security is not a proper defendant under the Rehabilitation Act. Under Title VII, the appropriate defendant in a discrimination action is "the head of the department, agency, or unit." 46 U.S.C. § 2000e-16(c); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). Here, Day has named both the Department of Homeland Security and Alejandro Mayorkas, Secretary of DHS, as defendants. While Defendant Mayorkas is an appropriate defendant under Title VII, the DHS is not. Accordingly, the Court will dismiss the DHS from this action.

2. **Preemption**

The Court will also dismiss Day's claims for lack of subject-matter jurisdiction. Day's claims under the Rehabilitation Act are preempted by the Air Transportation Security Act because Congress has made the ATSA the only remedy for TSOs. Congress provided in the ATSA that the TSA's Administrator could, with respect to the uniformed screening workforce at airport checkpoints, and "[n]otwithstanding any other provision of law:"

> employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such

a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code.

ATSA, Public Law 107-71, Title I, § 111(d), 115 Stat. 620, codified as a note to 49 U.S.C. § 44935.

Congress also provided that "notwithstanding any provision of law," TSA screeners are required to meet mental and educational requirements, and "demonstrate daily a fitness for duty without any impairment due to illegal drugs, sleep deprivation, medication, or alcohol." 49 U.S.C. § 44935(e)(2)(A)(v). Another provision of ATSA provides that "[n]otwithstanding any other provision of law," the TSA Administrator "may not" deploy as a screener an individual who lacks "basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills." 49 U.S.C. § 44935(f)(1).

Pursuant to the above-quoted provisions of the ATSA, every circuit court to address whether the ATSA preempts the Rehabilitation Act's remedies has found that it does.[1] *See Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011) ("Every circuit to address the issue has agreed that the language of the ATSA plainly

---

[1] *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (*per curiam*) ("The plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners."); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (*per curiam*) ("We now join every other circuit to have considered the question and conclude the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners."); *Coleman v. Sec'y U.S. Dep't Homeland Sec.*, 649 F. App'x 128, 129 (3d Cir. 2016) ("[A]ny claim under the Rehabilitation Act fails as the ATSA precludes TSOs from bringing claims under that Act against the TSA").

MEMORANDUM DECISION AND ORDER - 5

precludes security screeners from bringing suit under … the Rehabilitation Act."). Many district courts in the Ninth Circuit have held the same. *See, e.g., Martin v. Nielsen*, Case No. 2:18-cv-09575-AB (JCx), 2019 WL 3035094 *3 (C.D. Cal. April 10, 2019) (finding that "claims of TSA screeners for failure to provide reasonable accommodations, are preempted by the ATSA"); *Botelho v. Trans. Sec. Admin.*, No. 18-00032 ACK, 2018 WL 6801809, at *5 (D. Haw. Dec. 26, 2018); *Mole-Donchez v. Johnson*, No. 2:13-cv-00847-APG, 2015 WL 3452058, at *2 (D. Nev. May 29, 2015) ("the ATSA exempts the TSA from Rehabilitation Act claims brought against it by transportation security officers"). This Court agrees that the ATSA preempts the Rehabilitation Act as to TSOs. Accordingly, the Court lacks subject-matter jurisdiction to hear the claims against Secretary Mayorkas and will therefore dismiss Day's complaint without prejudice. *See generally was Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019).

## ORDER

**IT IS ORDERED that** Defendants' unopposed Motion to Dismiss (Dkt. 5) is **GRANTED.** This action is therefore **DISMISSED WITHOUT PREJUDICE.** The Court will enter judgment separately.

DATED: May 25, 2022

_____
B. Lynn Winmill
U.S. District Court Judge